IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR LLOYD MITCHELL, | : | CIVIL ACTION NO. **1:CV-13-0120** |
| Petitioner | : | (Chief Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| LAUREL HARRY, | : | |
| Respondent | : | |

## **REPORT AND RECOMMENDATION**

On January 17, 2013, Petitioner Victor Lloyd Mitchell, an inmate confined at SCI-Camp Hill, Camp Hill, Pennsylvania, filed a lengthy 90-page handwritten habeas corpus petition, pursuant to 28 U.S.C. § 2254.[1] (Doc. 1). Petitioner also filed his 23-page Affidavit in support of his habeas petition with an attached Exhibit, *i.e.,* a form U.S. District Court Order Setting Conditions of Release. (Doc. 2). Further, Petitioner filed a Motion to proceed *in forma pauperis*. (Doc. 3). Additionally, Petitioner filed a 26-sentence Motion for Appointment of Counsel. (Doc. 4). Petitioner further filed a Petition for Writs of Habeas Corpus Ad Testificandum seeking this Court to order Dauphin County Prison Warden DeRose to transport inmates Adam Homer and Jayson Emerson to this Court so that they can testify at an evidentiary hearing which Petitioner is requesting in this case. (Doc. 5).

---

[1] We note that Petitioner Mitchell has previously filed, *pro se*, prior civil rights actions with this Court under 42 U.S.C. §1983. *See* Civil No. 11-1998, M.D. Pa. and Civil No. 12-0028, M.D. Pa. In his prior cases, Petitioner challenged the Dauphin County Judge and prosecutor in his pending criminal case, *Com. of PA v. Mitchell*, Docket No. CP-22-CR-617-2011.

On January 22, 2013, we issued an Order and denied Petitioner's Motion for Appointment of Counsel (Doc. 4) and his Petition for Writ of Habeas Corpus Ad Testificandum. (Doc. 9). Also, on January 22, 2013, we denied Petitioner's Motion to proceed *in forma pauperis*. (Doc. 8). Subsequently, we gave Petitioner an extension of time until February 11, 2013, to pay the $5.00 filing fee. (Docs. 10 & 12).

On January 31, 2013, Petitioner filed a 6-page handwritten Motion for Leave to Supplement his habeas petition, with an attached Exhibit A, regarding the issue of whether he exhausted his state court remedies. **(Doc. 11).** On February 4, 2012, we issued an Order granting that Motion. (Doc. 12).

On February 7, 2013, Petitioner filed a Petition for Writ of Habeas Corpus Ad Testificandum (Doc. 13), which we subsequently denied on February 8, 2013. (Doc. 14).

After an enlargement of time (Doc. 21), Respondent filed a Response to the initial Petition on May 1, 2013, with an attached Memorandum of Law. (Doc. 30-31). On May 14, 2013, Petitioner filed a Traverse, with a supporting Memorandum of Law and exhibits. (Docs. 34-36). As such, Petitioner's Petition is now ripe for review.

## II.        **Allegations of Habeas Petition**

Petitioner is presently confined at SCI-Camp Hill while he is awaiting his criminal trial in Dauphin County Court on the charge of aggravated assault, in the case of *Com. of PA v. Mitchell*, Docket No. CP-22-CR-617-2011. Petitioner states that his bail was set in the amount of $275,000 cash on December 29, 2010, at the time of his arrest. Petitioner states that even though he is charged with a bailable offense under state law, his bail was set by the Dauphin County Court

2

without notice, hearing, or an objective assessment of the required factors for determining the conditions of bail. As a result of the high amount of his monetary bail, Petitioner states that he was illegally confined in DCP from December 29, 2010 through December 4, 2012, at which time he was transferred to SCI-Camp Hill without notice or a hearing. Petitioner contends that his present confinement at SCI-Camp Hill, while he is waiting for his Dauphin County Court criminal trial, is unlawful since the amount of his monetary bail is excessive and has been set without notice, a hearing, and without ever being reviewed and properly assessed. Petitioner states that his long-term continued confinement in prison for over two years while he waits for his criminal trial in Dauphin County Court is illegal and, he seeks this federal Court to reduce his bail to $1.00 nominal bail or to release him on his own recognizance which he states is sufficient to assure his presence at his trial. Petitioner also seeks this Court to impose reasonable conditions of his bail as set forth in the form U.S. District Court Order Setting Conditions of Release which he has submitted as an Exhibit to his Affidavit. (Doc. 2). Petitioner indicates that he does not expect to have a final disposition in his Dauphin County Court criminal case, Docket No. CP-22-CR-617-2011, "for many years." (Doc. 2, pp. 1-4).

Thus, Petitioner is challenging the legality of his continued pre-trial detention in prison while he awaits his criminal trial in since he claims that his detention has been too long, the $275,000 cash bail amount is excessive and, the bail amount was not properly determined and reviewed. Petitioner appears to claim a violation of his Eighth Amendment right which bans excessive bail.

We note, as Respondent points out, that Petitioner filed a motion to modify bail, which the Court of Common Pleas denied on May 21, 2012. He filed a successive motion to modify bail, which was again denied on August 24, 2012. Subsequently, he appealed the denial of the Court of Common Pleas decision to the Pennsylvania Superior Court. (Doc. 31, p. 2). The Court of Common Pleas, in explaining its denial of bail modification, reasoned that the Petitioner's crime was violent, that he had a prior criminal history and arrests, and that he there was significant evidence of drug use. (Id.). On October 19, 2012, the Superior Court denied bail pending appeal. (Id. at p. 3). To date, Petitioner's interlocutory appeal, however, remains pending with the Pennsylvania Superior Court.

### III. Discussion

Initially, we find that the instant Petition should be dismissed as premature, as the Petitioner's interlocutory appeal is still currently pending with the Pennsylvania Superior Court. *See* Docket No. 1548 MDA 2012. As a threshold matter, we note that the Third Circuit has held that although habeas corpus is typically a post-conviction remedy, federal courts do, in fact, have jurisdiction over pre-state trial habeas petitions. *See Moore v. DeYoung*, 515 F.2d 437, 443 (3d Cir. 1975). Generally, absent a showing of "extraordinary circumstances," a federal court acting pursuant to this jurisdiction will not interfere in the workings of the state appellate courts. *Divner v. Com. of Pa.*, 2005 WL 2106560 *3 (W.D. Pa. 2005). In *Divner*, the court denied a petition for habeas relief on the grounds that the petitioner still had an interlocutory appeal pending with the Pennsylvania Superior Court, holding, "Having failed to carry his burden to show extraordinary circumstances so as to justify this court's entertaining the habeas petition prior to trial and without

4

exhaustion of state court remedies, Petitioner may yet have this petition entertained if he can 'make a special showing of the need for' this court to adjudicate this claims and that he has exhausted his state court remedies...otherwise this petition should be dismissed." *Id.*

It is well settled that a federal court need not intervene where a petitioner may still obtain redress through state procedure. *See Lambert v. Blackwell*, 124 F.3d 506, 513 (3d Cir. 1997). Further, we will follow the precedent set by the Supreme Court, holding that, "federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Therefore, because Petitioner has an interlocutory appeal still pending before the Pennsylvania Superior court, and because this constitutes a failure to exhaust available state court remedies, we will recommend a dismissal without prejudice.

Moreover, we find that a ruling on the instant Petition is precluded by the so called the *Younger v. Harris*, 437 U.S. 37 (1971), abstention doctrine. In *Leer Elec., Inc. v. Com. of Pa.*, 2008 WL 5378284, *4 (M.D. Pa.), the Court stated:

> In *Younger v. Harris,* the United States Supreme Court established an abstention doctrine by holding that federal courts may not enjoin pending state criminal proceedings. 437 U.S. 37 (1971). In the line of cases that followed *Younger,* the Supreme Court made it clear that this doctrine of abstention is not specific to criminal matters, but also applies to state civil court and administrative proceedings. *See Pennzoil Co. v. Texaco, Inc.* 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (holding that federal courts may not enjoin state civil proceedings between private parties); *Ohio Civil Rights Commn. v. Dayton Christian Schools, Inc.,* 477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986) (holding that federal courts may not enjoin state administrative proceedings when important state interests are involved); *Middlesex County Ethics Committee v. Garden State Bar Association,*

5

457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) (first applying *Younger* to state administrative proceedings). "The *Younger* doctrine ... reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." *Moore v. Sims,* 442 U.S. 415, 423, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) (citing *Samuels v. Mackell,* 401 U.S. 66, 69, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971)). *Younger* abstention is appropriate when three requirements are satisfied. *See Middlesex,* 457 U.S. at 432 (collecting and summarizing authorities to establish a three part test). First, the federal plaintiff must be a party in an ongoing state proceeding of a judicial nature subject to interference by continued federal court action. Second, the state proceeding must implicate important state interests. And third, the federal plaintiff must have an adequate opportunity to raise constitutional challenges in the state court proceedings.

As defined by the courts: "*Younger* abstention is a legal doctrine granting federal courts discretion to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding. *See Younger v. Harris,* 401 U.S. 37, 41 (1971) ('[W]e have concluded that the judgment of the District Court, enjoining appellant Younger from prosecuting under these California statutes, must be reversed as a violation of the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances.')." *Kendall v. Russell*, 572 F.3d 126, 130 (3d Cir. 2009).

In the case of *Keys v. Pennsylvania*, we held applied the *Younger* doctrine, holding that when a pre-trial detainee still has actions pending in state court, a federal district court is precluded from ruling on implicated issues via *Younger*. *Keys v. Pennsylvania*, 2011 WL 766978 *16 (M.D. Pa. 2011). As such, we will apply the same reasoning and find that we are precluded from ruling on the instant Petition at this time, because of the pending Superior Court decision. We will, out of respect for judicial comity, recommend dismissal without prejudice.

`

**IV. Recommendation**

Based upon the above, we will recommend that Petitioner's **Doc. 1** Petition be dismissed without prejudice. It is also recommended that any additional proceedings be remanded to the undersigned for further consideration.

                                  **s/ Thomas M. Blewitt**
                                  **THOMAS M. BLEWITT**
                                  **United States Magistrate Judge**

**Dated: July 31, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VICTOR LLOYD MITCHELL : CIVIL ACTION NO. **1:CV-13-0120**
:
Petitioner : (Chief Judge Kane)
:
v. : (Magistrate Judge Blewitt)
:
LAUREL HARRY, :
:
Respondent :

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **July 31, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                                  **s/ Thomas M. Blewitt**
                                                  **THOMAS M. BLEWITT**
                                                  **United States Magistrate Judge**

**Dated:   July 31, 2013**