IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR LLOYD MITCHELL, | : | |
| Petitioner | : | No. 1:13-cv-00120 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| LAUREL HARRY, | : | (Magistrate Judge Blewitt) |
| Respondent | : | |
| | : | |
| | : | |

**MEMORANDUM**

Presently pending before the Court is the Report and Recommendation of Magistrate Judge Blewitt addressing Petitioner Victor Lloyd Mitchell's petition for writ of habeas corpus, as well as the objections thereto filed by Petitioner. (Doc. Nos. 1, 37, 38.) For the reasons that follow, the Court will adopt the Report and Recommendation, and dismiss Petitioner's petition without prejudice.[1]

**I.    BACKGROUND**

On January 27, 2013, Petitioner, who is imprisoned at State Correctional Institution Camp Hill ("SCI-Camp Hill") while awaiting criminal trial in the Dauphin County Court of Common Pleas on the charge of aggravated assault, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1 at 1); Pennsylvania v. Mitchell, No. CP-22-CR-617-2011. Petitioner challenges his detention on the grounds that his bail is excessive and was set

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

1

without notice, hearing, or proper review and assessment. (Doc. No. 1 at 16-17.) He seeks reduction of his bail to $1.00, and release on his own recognizance. (Id. at 82.) On July 31, 2013, Magistrate Judge Blewitt issued a Report and Recommendation (Doc. No. 37) recommending that Petitioner's writ of habeas corpus be dismissed without prejudice, on the grounds that the petition was premature, and that the doctrine of Younger v. Harris warranted federal abstention. (Id. at 4-5.) Petitioner filed timely objections to the Report and Recommendation on August 19, 2013. (Doc. No. 38.) The Court will address Judge Blewitt's recommendations and Petitioner's objections in turn.

## II. DISCUSSION

### A. Petitioner's habeas corpus petition should be dismissed as premature

In the Report and Recommendation, Magistrate Judge Blewitt first recommends that the Court dismiss Petitioner's petition as premature, because Petitioner's interlocutory appeal remains pending in Pennsylvania Superior Court.[2] (Doc. No. 37 at 4.) Judge Blewitt recommends that the Court find that Petitioner has not yet exhausted his available state court remedies, and that accordingly, Petitioner's petition should be dismissed without prejudice. (Id. at 5.)

Petitioner objects to this recommendation and asserts that he exhausted his available state court remedies with respect to his petition for bail modification when the issue was heard and denied by the Pennsylvania Superior Court. (Doc. No. 38 at 7.) Petitioner argues that the

---

[2] Although it was true that Petitioner maintained an interlocutory appeal in Pennsylvania Superior Court at the time Judge Blewitt issued the Report and Recommendation, that appeal is no longer pending. See Pennsylvania v. Mitchell, No. 1548 MDA 2012. Petitioner has not appealed to the Pennsylvania Supreme Court. Id.

2

Pennsylvania Supreme Court, in issuing In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases Order No. 218, set an exhaustion standard that allows him to fulfill his state exhaustion requirement by presenting his claim to the Pennsylvania Superior Court without requiring appeal to the Pennsylvania Supreme Court. (Id. at 7.) Petitioner asserts that because he presented his bail modification petition to the Pennsylvania Superior Court, which subsequently issued a denial, he satisfied his state court exhaustion requirement. (Id.)

Habeas corpus petitioners bear the burden of demonstrating exhaustion at the state level. O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987). In order to meet the exhaustion requirement, Petitioner must "fairly present" his claim to the state courts, such that the state courts hear "both the legal theory and the facts supporting a federal claim . . . ." Lesko v. Owens, 881 F.2d 44, 50 (3d Cir.1989), cert. denied, 493 U.S. 1036 (1990). In short, Petitioner must invoke "one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Pennsylvania, "a lower court's power to set bail is valid until the defendant's direct appeal rights are exhausted," and exhaustion includes "all avenues of direct appeal to the Supreme Court of Pennsylvania." Pennsylvania v. Dunlavey, 805 A.2d 562, 565 (Pa. Super. Ct. 2002) (citing Pa. R. Crim. P. 534). Federal courts will not issue a writ of habeas corpus absent state court exhaustion unless a petitioner demonstrates "extraordinary circumstances." Moore v. Young, 515 F.2d 437, 443 (3d Cir. 1975).

Petitioner has not established that he has exhausted his state court remedies. First, Petitioner's reliance on Pennsylvania Supreme Court Order 218 is misplaced. Order 218 sets forth the state exhaustion standard for "all appeals from criminal convictions or post-conviction relief matters." See In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief

3

Cases, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000). Under Order 218, "a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error." Lambert v. Blackwell, 387 F.3d 210, 233 (3d Cir. 2004). Order 218 thus allows habeas petitioners appealing from criminal convictions or post-conviction matters to meet state court exhaustion requirements through petition and decision at the Pennsylvania Superior Court level. See, e.g., id.

However, Order 218 does not appear to apply to habeas petitions that are not appeals from criminal convictions or post-conviction relief matters. See, e.g., Paladino v. King, No. 07-370, 2008 WL 1820666, *4 (E.D. Pa. Apr. 22, 2008) (finding that a habeas petition brought under Section 2241 "must be presented not only to the trial court but also to the state's intermediate court as well as to its supreme court" in order to be properly exhausted). Id. Further, Pennsylvania law requires the issue of bail to be addressed on direct appeal to the Pennsylvania Supreme Court in order to fulfill the state court exhaustion requirement. Dunlavey, 805 A.2d at 565.

Here, Petitioner does not challenge a criminal conviction or seek post-conviction relief, but challenges his continued pre-trial confinement. (See Doc. No. 1 at 2.) Thus, Order 218 does not control his specific exhaustion requirements. See Paladino, 2008 WL 1820666, at *4. Further, Petitioner did not appeal the Superior Court's denial of his petition for bail modification to the Pennsylvania Supreme Court, as courts have required to fulfill the exhaustion requirement in other pre-trial detention habeas petitions brought pursuant to Section 2241. See id.; (Doc. No. 38 at 7.) Thus, Petitioner has not met his burden of demonstrating exhaustion at the state court

4

level.  See O'Halloran, 835 F.2d at 508.  Petitioner also has not pled that "extraordinary circumstances" exist which would allow him to circumvent the state court exhaustion requirement.  See Moore, 515 F.2d at 443.  The Court will therefore adopt the recommendation of Magistrate Judge Blewitt that Petitioner's petition for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state court remedies.[3]

**B.      Petitioner's habeas corpus petition should be dismissed under the Younger abstention doctrine**

Moreover, the Court also finds that the doctrine of Younger v. Harris warrants federal abstention from Petitioner's petition for writ of habeas corpus.  401 U.S. 37 (1971).  Younger and its progeny established that federal courts should refrain from intervening in state criminal proceedings "in the absence of great and immediate irreparable injury to the federal plaintiff." Moore v. Sims, 442 U.S. 415, 423 (1979).  Federal courts should abstain when three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims."  Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir. 2005).  When criminal proceedings are pending against a petitioner, "the need for a federal court to stay its hand" is at its highest.  Evans v. Ct. of

---

[3] The Court adopts the overall recommendation of Magistrate Judge Blewitt that Petitioner's petition be dismissed for failure to exhaust state court remedies, but on different factual grounds.  Judge Blewitt's recommendation that Petitioner's petition be dismissed without prejudice for failure to meet state exhaustion requirements relied in part on the fact that at the time the Report and Recommendation was issued, Petitioner had an interlocutory appeal pending before the Pennsylvania Superior Court.  (See Doc. No. 37 at 5.)  Petitioner's appeal has since been quashed.  Pennsylvania v. Mitchell, No. 1548 MDA 2012.  Thus, this Court does not rely on Petitioner's now-quashed interlocutory appeal in its analysis, but rather, case law pertaining to the exhaustion requirements in Pennsylvania for petitions for writs of habeas corpus filed pursuant to 28 U.S.C. § 2241.

Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992). A federal habeas corpus petition seeking bail modification on federal constitutional grounds from a petitioner who also has an ongoing state court criminal proceeding may warrant Younger abstention. See Cooley v. DiVecchio, 307 F. App'x. 611, 614 (3d Cir. 2009).

Under the factual circumstances presented here, the Court should exercise abstention under the Younger doctrine. First, Petitioner has not yet proceeded to criminal trial for his aggravated assault charge. See Pennsylvania v. Mitchell, No. CP-22-CR-617-2011 at 3. Thus, because his criminal trial remains pending, Petitioner has an ongoing criminal proceeding that is judicial in nature in Pennsylvania state court, and thereby satisfies the first prong of Younger. Id. State criminal proceedings necessarily implicate important state interests. Younger, 401 U.S. at 45-46. Further, in analyzing prongs two and three of the Younger doctrine, the Court assumes that a petitioner has the opportunity to raise constitutional claims in state proceedings unless evidence to the contrary is set forth. Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14 (1987). In general, a habeas petitioner has the ability to bring a constitutional claim for excessive bail in state court. See, e.g., Smith v. Penn. State Atty. Gen., No. 11-1813, 2011 WL 6012976 (M.D. Pa. Nov. 3, 2011).

Petitioner has not presented specific evidence, beyond mere conclusory assertions that his claim "is not reasonably appealable" and that appeal would be "futile," to show that he will not have the opportunity to raise his constitutional claims in his state criminal proceeding. (Doc. No. 1 at 5, 23). The Court finds that the three Younger requirements have been met, and thus it should abstain from ruling on Petitioner's petition at this time. Accordingly, the Court will adopt Magistrate Judge Blewitt's recommendation that Petitioner's petition for writ of habeas

corpus be dismissed without prejudice. An order consistent with this memorandum follows.